27 C.C.P.A. (Patents)

## In re SAVAGE.

**Patent Appeals No. 4284.**

Court of Customs and Patent Appeals.
April 1, 1940.

Rehearing Denied May 6, 1940.

Iva DeFreese Savage, pro se.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner rejecting all of the claims of appellant's application, twenty-one in number, on the ground of undue multiplicity.

The alleged invention is concisely described by the examiner in his statement as follows:

"The alleged invention relates to a device for and method of making biscuits or other bakery products.

"The device comprises a pliant sheet made of materials such as impregnated paper, aluminum, steel, cured rubber, oil proof pliant plastics such as thiokol, etc. The sheet has a plurality of spaced openings therein. The device is used as a stencil for depositing dough on a bake pan or sheet. The pan is prepared by greasing and the stencil sheet is then positioned on the pan and dough is spread over the stencil with a tool in the form of a blade or scraper. The openings in the stencil are thus filled with dough whereupon the stencil is removed having spaced deposits of dough on the pan."

The record before us respecting the earlier prosecution of the case is very unsatisfactory in that relevant papers are not included therein, due no doubt to the fact that appellant is not an attorney. She has prosecuted the case throughout, including her appeal to this court, pro se, her case before us being submitted on brief. It appears that she is the wife of a chemical engineer, and in an affidavit made by her husband it is stated that for many years she has been in charge of the main bakeries of F. G. Shattuck Co., known as "Schraffts," employing some 6500 people. Appellant clearly has some knowledge of general law, but it is evident from the record and her briefs before us that her knowledge of patent law and procedure is very meager. During the prosecution of the case her attention was called to the advisability of employing a competent patent attorney, as suggested by rule 17 of the Rules of Practice of the United States Patent Office. The suggestion was not adopted by appellant, she evidently having confidence in her ability to prosecute her own case. Had such an attorney been employed, we are confident that the question presented by this appeal would not have been before us.

The above is not intended as any reflection upon appellant, for most attorneys engaged in general practice, without experience in Patent Office procedure, would have difficulty in prosecuting applications for patents.

With respect to the record before us it appears that appellant originally filed twenty claims to the alleged invention. All of these claims were once rejected by the examiner, most of them upon cited refer-

ences. It does not appear that undue multiplicity was one of the grounds of rejection. These claims do not appear in the record.

In response to this rejection a lengthy affidavit by appellant's husband was filed.

The next Patent Office action appearing in the record is a letter of the examiner dated July 7, 1937, in which claims numbered 21 to 34, inclusive, were considered. We assume that these claims were in addition to the twenty originally presented, although the record does not so state.. Two additional references were made of record in this letter, and claims 21·to 34, inclusive, were rejected for various reasons, but not on the ground of undue multiplicity. It was in this letter that appellant was advised to employ a patent attorney.

These claims appear in the record under the heading "Cancelled Claims."

The next Patent Office action found in the record is a letter of the examiner dated November 22, 1937, rejecting claims 35 to 55, inclusive, upon various grounds, one of which was undue multiplicity. In· his letter the examiner stated: "The claims are all further rejected as being unduly multiplied. It is considered that in view of the relatively simple nature of the device claimed and the highly developed state of the art that 5 or 6 claims would be sufficient to claim any patentable novelty· that might exist in this application. Furthermore, many of the claims are substantially duplicates, for example, claims 36, 37 and 38; 39 and 40; 41 and 42; 43, 44; 45, 46, etc. The claims should be reduced in number; Ex parte Schwarz, 454 O.G. 3; In re Dann, 1931 C.D. 306."

In response to this rejection another lengthy affidavit of appellant's husband was filed, most of which was devoted to a discussion of certain references cited by the examiner.

The next office action appearing. in the record is a letter of the examiner dated March 11, 1938, which reads as follows:

"Responsive to amendment of December 21, 1937.

"Claims 35A to 42A incl. and 55A to 67 incl. have been renumbered 56 to 76 incl. as required by Rule 73, Rules of Practice. The claims will hereafter be referred to as renumbered.

"The claims are all rejected as being· unduly multiplied. Applicant has failed to reduce the number of claims in response to the rejection on this ground given in the last office letter, and since the question of patentability on other grounds depends upon the clear definition of the invention, applicant is required to materially reduce the number of claims, as previously pointed out, prior to further consideration on the merits.

"The present action is made *final;* Ex parte Jackson, 1926 C.D. 102."

We gather from the foregoing that appellant had cancelled all previous claims and filed twenty-one new claims, which are the claims before us in this appeal, numbered 56 to 76, inclusive.

There appears in the back of the record, under the heading "Cancelled Claims," claims numbered 35 to 42, inclusive, and claim No. 55.

The next matter appearing in the record is a letter of the supervisory examiner, dated July 1, 1938, which reads as follows: "The applicant petitions that this application which was finally rejected on March 11, 1938, on ground of multiplicity of claims be reopened for further prosecution, urging that the claims are not unduly multiplied. From an examination of the record of the application nothing is found which indicates that the final rejection of March 11, 1938 was premature, and as the question of multiplicity of claims is not a question reviewable on petition, the petition is denied."

Appellant on July 21, 1938 appealed to the Board of Appeals from the examiner's rejection of the final twenty-one claims on the ground of multiplicity. In her appeal it is stated: "I hereby appeal to the Board of Appeals from the decision of the Examiner of Division 20 in the matter of my application for letters patent for improvements in Bakery Methods, Devices and Apparatus, Serial No. 88,512 filed July 2, 1936, which was finally rejected on the grounds that the claims were unduly multiplied, Paper No. 9 dated March 11, 1938. I· enclose herewith my check for fifteen dollars in payment of the appeal fee."

Appellant then made four assignments of error in which error is assigned in the rejection of specified claims by the examiner. In addition to these, appellant listed eight instances of what she deemed "would be" error if the claims were to be rejected on their merits.

■ Appellant apparently had no comprehension of the rule regarding undue multiplicity of claims, for under such a rejection it is obvious that the claims must be considered as a whole, and there could not be individual action by the examiner relating to each claim. In her brief before the Board of Appeals, which is contained in the record and contains several pages, appellant makes no reference to the only ground of rejection that could properly be considered by the Board of Appeals, viz., undue multiplicity of claims.

The decision of the board is short and reads as follows:

"This is an appeal from the decision of the Examiner finally rejecting claims 56 to 76 inclusive. Since none of the appealed claims are rejected on the prior art, it is not deemed necessary to copy any of them here.

"While a number of references were cited in the examiner's statement, still no one of the appealed claims was rejected on prior art and said references need not be considered further. The appealed claims stand finally rejected on the ground of undue multiplicity.

"The appealed claims relate to a device used for depositing dough on a backing sheet or pan. The device is quite simple and the examiner alleged is not broadly new. We agree with the examiner that whatever patentable novelty there may be in this case could be covered by fewer claims. This case is believed to fall within the practice set forth in Ex parte Schwarz, 1935 C.D. 23.

"The decision of the examiner is affirmed."

Appellant's reasons of appeal here are three in number. The first reason contains the following: "1. The Board of Appeals erred in the above decision in that they did not comply with No. 139 of the Rules of the Patent Office and affirmed the decision of the primary examiner on a point on which the appeal had not been taken and not in the 'Points of Error', Paper No. 13, made a part hereof; * * *."

■ There was but one ground of rejection of appellant's claims, undue multiplicity. The Board of Appeals affirmed that ground, but if appellant took no appeal to the board upon that ground appellant's appeal from the decision of the examiner should have been dismissed by the board. However, the board evidently considered appellant's appeal sufficient to raise the question of the correctness of the decision of the examiner. Appellant cannot complain of this, for if her contention was correct we would be compelled to reverse the board and remand the case to it with directions to dismiss appellant's appeal.

With respect to appellant's second and third reasons of appeal, it is very questionable whether they are sufficient to raise the question of the ground of rejection of undue multiplicity of claims; giving appellant the benefit of the doubt, we will consider the merits of the rejection upon that ground.

We would observe, however, that the only claims specifically referred to in said reasons of appeal are claims 56 to 63, inclusive.

Appellant complains because the examiner in his statement, and the Board of Appeals in its decision, failed to discuss all of appellant's assignments of error in her appeal to the board, and complains because the Attorney for the Commissioner of Patents, in his brief before us, failed to discuss all of appellant's reasons of appeal.

■ The statement of the examiner, the decision of the Board of Appeals, and the brief of the attorney for the Commissioner of Patents, adequately discuss the only question properly involved in the case, viz., undue multiplicity of claims, and the fact that appellant in her appeal to the board assigned errors wholly irrelevant to the only issue in the case, and in her reasons of appeal before us has included reasons of appeal wholly irrelevant to the issue of undue multiplicity of claims, does not entitle her to a discussion by the examiner, by the Board of Appeals, by the Attorney for the Commissioner of Patents, or by us, of such irrelevant matters.

In the case of Noxon v. Potts, 102 F.2d 836, 839, 26 C.C.P.A., Patents, 1031, concerning irrelevant reasons of appeal before this court, we said: "It is not our practice formally to grant motions to dismiss grounds of appeal. Where not good we simply disregard them. * * *"

Likewise there was no error on the part of the Board of Appeals or the examiner in ignoring alleged errors wholly irrelevant to the only issue involved in the rejection of the claims, that of undue multiplicity.

684

Appellant contends also that in his statement the examiner violated rule 135 of the Rules of Practice of the Patent Office, relating to statements of the examiner upon appeal, in failing to amplify the following statement by him: "In view of the relatively simple nature of the device and the highly developed state of the art the claims are obviously unduly multiplied. The fact that all the claims in the case before the present set were rejected on art is an indication of pertinency of the prior art."

■ It will be observed that the statement above quoted referred to claims which had been cancelled, but the examiner in his statement did cite all the references upon which the cancelled claims were rejected; and if the references did not warrant the statement, appellant should have secured the inclusion of such references in the record certified to us. This she did not do, and under such circumstances the statements of the examiner respecting their disclosure are assumed to be correct. In re Pirani and Nitschke, 75 F.2d 223, 22 C.C.P.A., Patents, 1002; In re Kluter, 92 F.2d 906, 25 C.C.P.A., Patents, 730.

■ We would observe that appellant in her brief includes what purports to be a drawing of one of the references, Habermass. This was obviously improper. Our statutory jurisdiction is confined to a review of the evidence the appealing party has brought before us, certified by the commissioner.

We will not undertake to review in detail all the many alleged violations of the Patent Office rules by the examiner and the Board of Appeals. Suffice it to say that we have examined each of these allegations and find that they have no foundation.

The principal contention of appellant in this regard is that rule 64 of the Rules of Practice of the Patent Office requires action upon the merits of every application. This rule reads as follows:

"64. Where the specification and claims are such that the invention may be readily understood the examination of a complete application and the action thereon will be directed throughout to the merits; but in each letter the examiner shall state or refer to all his objections.

"Only in applications found by the examiner to present patentable subject matter and in applications on which appeal is taken to the board of appeals will requirements in matters of form be insisted on." (See rules 95 and 134.)

It will be observed that this rule is applicable only "Where the specification and claims are such that the invention may be readily understood * * *."

■ So many claims upon the form and use of what appears to be a very simple structure, framed as are the claims before us, do, we think, tend to confuse the mind as to what the invention claimed by appellant really is, and hence rule 64 is not applicable.

In the examiner's statement there appears the following: "In a petition to reopen the prosecution, which was denied, it was proposed to cancel the method claims. If all the claims which appear to claim the method, these being hard to distinguish because of their poor form, were canceled, there would still remain many apparatus claims which are substantial duplicates. Such a course would therefore not overcome the rejection on multiplicity."

It appears that such petition was filed after final rejection and before appeal to the board had been taken. The petition was denied by the supervisory examiner and his decision thereon has been hereinbefore quoted. In that decision no mention was made of the offer to reduce the number of claims, but on the contrary it would appear therefrom that appellant was insisting that the entire number of twenty-one claims did not constitute undue multiplicity, and nowhere in appellant's brief before us is there any suggestion that appellant was at any time willing to reduce the number of claims.

This brings us to the real question in the case, whether it was error by the examiner to reject the claims solely upon the ground of undue multiplicity, and whether it was error for the board to affirm such decision.

■ In the case of In re Buttolph, 75 F.2d 629, 632, 22 C.C.P.A., Patents, 973, we had occasion to consider the question of undue multiplicity of claims. In that case there were several grounds of rejection of the claims, one of which was undue multiplicity. We concluded our discussion of this ground of rejection with the following statement:

"We are not unmindful of the fact that it is sometimes difficult to define an alleged invention with conciseness and pre-

cision. However, such difficulty ought not to be used as an excuse to present an unnecessarily large number of claims, *the net result of which is to confuse, rather than to clarify, the issues relative to an alleged improvement, which, it is claimed, involves invention.* [Italics added.]

"Although we are in entire accord with the specific reasons assigned and discussed by the Board of Appeals in its rejection of the appealed claims, we are of opinion, nevertheless, that they might well have been rejected on the sole ground of undue multiplicity. In re Duncan, 49 App. D.C. 372, 265 F. 1012, affirming the decision of the Commissioner of Patents in Ex parte Duncan, 1920, C.D. 36. See, also, In re Dann [47 F.2d 356, 18 C.C.P.A., Patents, 1031], supra; In re Spencer [47 F.2d 806, 18 C.C.P.A., Patents, 1041], supra."

We adhere to the views expressed upon this subject in the last cited case. Appellant contends that, inasmuch as there were several grounds of rejection involved in that case, our statement that the claims might well have been dismissed on the sole ground of undue multiplicity was obiter dictum. This is true, but we did hold that in that case there was undue multiplicity of claims and gave our reasons therefor. If we had disagreed with the Board of Appeals upon the other grounds of rejection we still would have affirmed its decision upon the sole ground of undue multiplicity of claims.

Obviously, if undue multiplicity of claims is a valid ground of rejection of claims, as it is where the facts supporting undue multiplicity exist, then it may be the sole ground of rejection of the claims, as stated by us in the case last above cited. It is only where the specification and claims are of such a nature as to come within the provisions of rule 64, supra, that there must be a decision upon the merits of the claims.

■ As illustrating the confusing character of the claims, some of the method claims apparently relate to a process wholly independent of the apparatus claims, while others describe substantially the same process with the addition of the use in the process of the device covered by the apparatus claims.

We think it proper to observe, however, that the mere fact that a larger number of claims are made than are necessary to cover the invention is not sufficient to warrant rejection upon the ground of undue multiplicity of claims. In addition, to warrant a rejection upon that ground, the claims must be not only of greater number than necessary to protect an invention, but they must be of a character "the net result of which is to confuse, rather than to clarify, the issues relative to an alleged improvement, which, it is claimed, involves invention." In re Buttolph, supra.

■ If claims are unnecessarily multiplied, but are definite and clear as to the invention claimed, differing only in phraseology that cannot confuse the issue involved, then under rule 64 action should be had upon their merits, and such claims as, in effect, are merely duplicates of other claims should be rejected for that reason, but not upon the ground of undue multiplicity.

We would observe at this point that if the examiner does pass upon the merits of claims, as in the case of In re Buttolph, supra, it does not necessarily follow that the claims are not unduly multiplied. The claims may be so numerous and varied in character that the invention intended to be claimed is not readily understood, and tend to confuse the issue before the examiner; yet the examiner might, through representations made during the prosecution as to the real invention it was intended to claim, undertake to construe the claims and pass upon them upon their merits, although convinced that there was undue multiplicity of the same in the sense above indicated. In such cases, if the decision of the examiner was wrong upon the ground of undue multiplicity, and if his understanding of the invention defined by the claims was held to be correct, decision could be had upon their merits by appellate tribunals without the delay attendant upon a remand to the examiner to pass upon the merits of the claims.

■ Appellant in her brief takes the novel position that "The requirement to distinctly claim and particularly point out is precedent only to the issue of a patent, certainly not to making the examination of the invention." In other words, it is apparently appellant's theory that the examiner must examine an application and determine whether it discloses an invention, even if no claims are made in the application prior to such examination. Further comment on this theory of appellant is unnecessary.

Appellant in her brief claims that there was but one rejection by the Primary Examiner "on the sole ground of multiplicity," and that there had been no "second or a reconsideration below, on said 'sole' ground." However, this objection was not raised by the reasons of appeal and may not be considered by us, for the statute, section 4914, R.S., 35 U.S.C.A. § 62, expressly provides that our revision "shall be confined to the points set forth in the reasons of appeal." We would further observe that this ground of objection was not raised in appellant's assignments of error in her appeal to the Board of Appeals.

For the reasons herein stated, the decision of the Board of Appeals is affirmed.

Affirmed.